**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL MEDICAL TEAM, DEVENS,<br><br>Respondent. | No. 1:26-cv-11070-JEK |

**ORDER**

**KOBICK, J.**

*Pro se* petitioner David C. Lettieri, who is confined at FMC Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a supporting memorandum. ECF 1, 2. Before requiring service and a response from respondent Federal Medical Team, Devens, this Court may determine whether it appears from the face of Lettieri's petition that he is entitled to relief. *See* 28 U.S.C. § 2243; Rules 1(b) and 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

The First Step Act ("FSA") provides, in relevant part, that certain federal prisoners be given the opportunity to earn "incentives and rewards" for participating in "evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). These incentives and rewards include additional phone privileges, transfer to preferred housing units, and time credits. *See id.* § 3632(d); *Miles v. Bowers*, 173 F.4th 372, 374-75 & n.5 (1st Cir. 2026). While not entirely clear, the petition states that this action concerns "first step act credits" and requests that Lettieri "be credited sixty days for the completion of the history of pro[hi]bition class." ECF 1, at 2, 8. He received a Certificate of Completion for this course on April 21, 2025. ECF 1-1 at 3.

Section 2241 does not require that a federal prisoner exhaust administrative remedies before seeking habeas relief. *Lettieri v. Unit Team Manager Eng.*, No. 25-cv-10859-LTS, 2025 WL 1342766, at *1 (D. Mass. May 8, 2025), *aff'd*, No. 25-1504, 2026 WL 1485240 (1st Cir. Feb. 17, 2026). The availability of an administrative remedy, however, "sometimes provid[es] a 'prudential reason' not to permit a detainee to seek habeas relief." *Cockerham v. Boncher*, 125 F.4th 11, 16 (1st Cir. 2024) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008) (brackets omitted))); *see Walsh v. Boncher*, 652 F. Supp. 3d 161, 167 (D. Mass. 2023) ("Ordinarily, a federal inmate must exhaust . . . administrative remedies before filing a section 2241 petition in federal court." (citing *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999)).

Under the regulations governing the Federal Bureau of Prisons ("BOP"), administrative review proceeds in four steps. First, a federal prisoner like Lettieri must attempt to "informally" resolve his complaint with prison staff. 28 C.F.R. § 542.13(a). Second, he must submit a "formal written Administrative Remedy Request" within "20 calendar days following the date on which the basis for the Request occurred." *Id.* § 542.14. Third, he "may submit an Appeal . . . to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). Fourth, he "may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.*

Here, Lettieri fails to show that he has exhausted his administrative remedies. The petition itself does not indicate whether he sought any administrative remedy. ECF 1, at 2-4. The exhibits attached to the petition suggest that Lettieri filed grievances and one appeal to the BOP regional office concerning access to his preferred housing based on his completion of another course. ECF 1-1, at 9-21. However, these exhibits do not demonstrate that Lettieri administratively pursued his receipt of time credits for completing the History of Prohibition course at issue in this case.

Accordingly, Lettieri's petition is DENIED without prejudice for failure to exhaust his administrative remedies, and this action is DISMISSED.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2026